ANDRÉS QUINTANA REYES, Plaintiff and Appellant, v. THE CAPITAL OF PUERTO RICO, Defendant and Appellee.

No. 6970. Argued May 24, 1937.—Decided November 26, 1937.

*Andrés Quintana Reyes* by his own right; *Juan Valldejuli Rodríguez* for appellee; *Antonio L. López* as *amicus curiae*.

Mr. Justice Wolf delivered the opinion of the Court.

ON MOTION FOR REHEARING

■ The appellant, among other reasons alleged for the reconsideration of our judgment, maintains that we failed to discuss the fifth assignment of error, relating to the ordered cancellation of the title of Cipriano Manrique, grantor of plaintiff-appellant, as follows:

"The lower court also erred acting unjustly, with bias and partiality when it deprived Cipriano Manrique Gil, who has not been a party to the suit and has not been given his day in court, of his right to maintain the record of the title to the property acquired in good faith and according to law, thereby violating the constitutional provision contained in Section 2 of our Organic Act and the positive provision of Section 82 and the last paragraph of Section 83 of the Mortgage Law and the numerous, constant and uninterrupted jurisprudence of this Court on this matter and which we will point out in the course of the argument of this error."

The brief of appellant was very lengthy and incorporated a lot of matter extraneous to a brief, and in the final analysis the omission was not vital. Let us see.

■■ In the first place, it would be Cipriano Manrique who could more properly complain of the omission to make him a party and if he had any rights which were lost by reason of the cancellation, the judgment in this suit would not be binding upon him.

At the hearing Quintana Reyes contended, if we understood him, that if the record (*inscripción*) in favor of Manrique was not cancelled, he, Quintana, would have a right to build up a title on the title of Manrique; that if the latter was sued he might put forth arguments that would have supported his own title and, hence, the claim of Quintana. As a witness he had that opportunity or Quintana might have developed it.

There was another opportunity that Quintana had, and that was to have called on his alleged vendor in warranty of the conveyed title (*saneamiento y evicción*). He did not take

this step, and under Section 1370 of the Civil Code, 1930 ed., that failure would relieve Manrique of any liability on his warranty of title.

We are of the necessary opinion that all the rights of Manrique and especially any rights of action or defense became merged in Quintana. What the registry contained was only records in the latter's favor. Therefore, the municipality had the right to ask for a cancellation of all the records, subsequent to that of its own original vendor, De la Cruz, that militated against the said municipality.

The other grounds presented to us in the motion for reconsideration have been sufficiently discussed in our main opinion of March 5, 1937.

The motion for reconsideration is denied.

Mr. Justice Córdova Dávila took no part in the decision of this motion.